DAVISON, APPELLANT, *v.* BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. 2378—Decided October 16, 1975.)

*Messrs. Hite & Hite, Mr. F. Richard Heath* and *Mr. James P. Carpenter,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Rodney B. Teague,* for appellee.

RUTHERFORD, P. J.   On January 17, 1975, notice as provided for under the provisions of R. C. 4507.20 was sent by the registrar of motor vehicles of the state of Ohio notifying Frances E. Davison of the necessity that, within 30 days, she undergo and pass a driver's license examination in order to retain her driving privileges in the state. Frances E. Davison, without any requests for a further hearing and prior to any further administrative proceeding, forthwith filed a notice of appeal with the Court of Common Pleas from the order requiring that she submit to a driver's license examination.

Frances Davison, on January 28, 1975, further moved in the Court of Common Pleas for an order suspending the order of the registrar, dated January 17, 1975, and all further proceedings thereunder. On January 28, 1975, by judgment entry, the motion was granted and the order of the registrar and all further proceedings thereunder were suspended until further order of the Court.

On April 2, 1975, the bureau of motor vehicles filed a motion in the Court of Common Pleas requesting that the court dismiss the appeal for the reason that Frances E. Davison failed to exhaust her administrative remedies which were available to her at the time she filed this appeal, and she was therefore appealing a nonfinal, nonappealable order, hence, it is claimed the Court has no jurisdiction under R. C. 119.12.   On May 5, 1975, the court entered a judgment in favor of Frances E. Davison, from which this appeal has been taken. The judgment entry reads:

"This cause came on to be heard on appellant's Motion For Judgment and appellee's Motion For Reconsideration.

"Appellant's Motion For Judgment for the reason that appellee failed to certify its records within twenty days pursuant to Section 119.12, Revised Code, is hereby sustained.

"Appellee's Motion For Reconsideration is denied.

"Appellant's appeal is hereby sustained and appellee's order is reversed."

The bureau of motor vehicles has appealed from the

judgment reversing the bureau's order, made under the provisions of R. C. 4507.20. Appellee, Frances E. Davison, has filed a motion in this cause for an order dismissing the appeal.

Appellant, the bureau of motor vehicles, has moved to dismiss the motion for a want of jurisdiction and sets forth four assignments of error as follows:

"1. The Court of Common Pleas erred when it failed to dismiss Appellee's appeal for the reason that Appellee was not suspended at the time she filed her appeal and thus the Court had no jurisdiction under Section 119.12, Revised Code, to find against Appellant for its failure to certify its records.

"2. The Court of Common Pleas erred when it failed to dismiss Appellee's appeal for the reason that Appellee had neither taken and failed the driver's examination nor allowed thirty days from the date of the letter mailed by Appellant to lapse, prior to filing her appeal and therefore had not exhausted this administrative remedy prior to suspension.

"3. The Court of Common Pleas erred when it took jurisdiction of Appellee's appeal per Section 119.12, Revised Code, prior to an order of suspension being issued by Appellant which would have offered Appellee a post-suspension hearing pursuant to Section 119.06 and 119.07, Revised Code. Appellee had not exhausted this administrative remedy.

"4. The Court of Common Pleas erred when it allowed Appellee to file a notice of appeal and obtain a stay order which quite effectively enjoined and prevented Appellant from continuing in and completing the required legal administrative procedures. The subsequent sustaining of Appellee's appeal in effect amounted to the granting of equitable relief to Appellee when in fact Appellee had an adequate remedy at law."

The notice of appeal to the Court of Common Pleas was specified as being from the order of the registrar, bureau of motion vehicles file No. 532506. A copy of the notice appealed from was attached by appellant to the no-

tice of appeal to the Court of Common Pleas and was made a part thereof. The notice received by Frances E. Davison from the bureau of motor vehicles, from which she appealed, reads:

"We have received a report from the Licking County Municipal Court which indicates there is good cause to doubt your ability to exercise reasonable and ordinary control over a motor vehicle while operating it upon the highways.

"Therefore, in the interest of safety and in accordance with Section 4507.20 of the Revised Code of Ohio, you are hereby advised it will be necessary for you to undergo and pass a driver license examination in order to retain your driving privileges in this State.

"It is suggested you become thoroughly acquainted with the contents of the enclosed pamphlet before taking this examination since, if a failure is reported, your driving privileges will be suspended and no re-examination shall be permitted for a period of thirty (30) days.

"This letter with your present license must be presented within the next thirty (30) days to the Examiner in Charge of the nearest Highway Patrol Examining Station and shall constitute his authority to conduct the prescribed tests. An appointment to take the examination is necessary and it is suggested that you make the necessary arrangements at the Examining Station in sufficient time to insure the examination can be given within the period provided.

"Should you fail to appear for the examination within the allotted time, your license will be subject to immediate recall and suspension; however, if you do not wish to comply with our request, you may voluntarily return your present license in the enclosed envelope."

R. C. 4507.20, provides:

"Examination of Licensee's Competency.

"The registrar of motor vehicles, upon determination that any person has more than seven points charged against him under section 4507.40 of the Revised Code, and is not subject to the provisions of section 4507.41 of the Revised Code, or, having good cause to believe that a licensed oper-

ator or chauffeur is incompetent or otherwise not qualified to be licensed, shall upon written notice of at least five days sent by registered mail to the licensee's last known address, require him to submit to a (an) operator's or chauffeur's license examination or a physical examination, or both. Upon the conclusion of such examination the registrar may suspend or revoke the license of such person, or may permit him to retain such license, or may issue him a restricted license. Refusal or neglect of the licensee to submit to such examination is ground for suspension or revocation of his license.''

The question presented is: Did the notice given to Frances E. Davison by the registrar of the bureau of motor vehicles constitute a final appealable order from which the licensed operator may appeal prior to the operator taking an examination and prior to any further action by the bureau?

R. C. 4507.26, provides:

''Order Of Registrar Subject To Reversal Or Modification.

''An order, except an order relating to a license as defined in section 119.01 of the Revised Code, made by the registrar of motor vehicles may be reversed, vacated, or modified by the court of common pleas of Franklin county, or by the court of common pleas in the county in which the party affected is a resident, or in which the matter complained of arose.''

In the instant case, the notice related to a license. Therefore, R. C. 4507.26, is not applicable and appellant sought to appeal to the Court of Common Pleas under the provisions of R. C. Chapter 119 and 119.12.

R. C. 119.12 reads, in part:

''Appeal By Party Adversely Affected.

''Any party adversely affected by an order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal from the order of the agency to the court of common pleas of the county

in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county. If any such party is not a resident of and has no place of business in Ohio, he may appeal to the court of common pleas of Franklin county.

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal, issued under section 3737.20 of the Revised Code, may be to the court of common pleas of the county in which the building of the aggrieved person is located. * * *

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected."

R. C. 119.01 (D) provides:

" 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

It is our finding that a notice given to an operator of a motor vehicle requiring such operator to submit to an operator's license examination, and advising that upon conclusion of the examination the registrar may suspend or revoke the license of such person or permit him to retain such license, or may issue him a restricted license, and further providing that a refusal or neglect of such licensee to submit to such examination is grounds for the revocation or suspension of his license, is not an adjudication denying an applicant admission to an examination; a denial of the

issuance, renewal, or registration of a license; or the revocation or suspension of a license. Therefore, the notice given under the provisions of R. C. 4507.20, absent an order of revocation or suspension, is not an adjudication or appealable order and the Court of Common Pleas of Licking County, in which the notice of appeal therefrom was filed, was without jurisdiction to hear the appeal.

An operator's license is not suspended or revoked merely by the giving of such notice requiring an examination pursuant to the provisions of R. C. 4507.20. The Court of Common Pleas, as shown by the notice of appeal, being without jurisdiction for want of a final appealable order, appellant's assignment of error No. 1 is sustained. For the same reason, appellant's assignments of error 2, 3, and 4 are sustained. Absent a final appealable order, as shown by the notice of appeal, the Court of Common Pleas was without jurisdiction to order a stay which quite effectively enjoined and prevented appellant from continuing and completing the required legal administrative procedures, and the Court of Common Pleas erred in rendering the judgment of May 5, *supra*, appealed to this court, which it was without jurisdiction to render.

For the reasons set forth, the judgment of the Court of Common Pleas is reversed and vacated and this cause is remanded to the bureau of motor vehicles for further proceedings according to law.

*Judgment reversed.*

PUTMAN and DOWD, JJ., concur.