[Cite as *Gurish v. Bur. of Motor Vehicles*, 2012-Ohio-4066.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98060

---

## DANIEL GURISH

PLAINTIFF-APPELLANT

vs.

## BUREAU OF MOTOR VEHICLES

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-761190

**BEFORE:**   Rocco, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 6, 2012

**FOR APPELLANT**

Daniel Gurish, pro se
11806 Harbour Light Drive
North Royalton, Ohio   44133

**ATTORNEYS FOR APPELLEE**

Michael DeWine
Ohio Attorney General

BY:   Brian P. Mooney
Assistant Attorney General
Charitable Law Section
615 W. Superior Avenue - 11th Floor
Cleveland, Ohio   44113-1899

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant Daniel Gurish, proceeding pro se, challenges the trial court order that affirmed the decision of defendant-appellee, the Ohio Bureau of Motor Vehicles ("BMV"), to suspend Gurish's driving privileges pursuant to R.C. 4507.20.

{¶2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (1st Dist.1983); App.R. 11.1(E).

{¶3} Gurish presents five "issues at bar," in contravention of App.R. 16(A)(3). Pro se civil litigants are bound by the same rules and procedures as those who retain counsel; they are not to be accorded greater rights and must accept the results of their own mistakes and errors. *Lias v. Beekman*, 10th Dist. No. 06-AP-1134, 2007-Ohio-5737, ¶ 7, citing *Delaney v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. No. 65714, 1994 Ohio App. LEXIS 298 (July 7, 1994).

{¶4} In essence, Gurish asserts in this appeal that the trial court erred in affirming the administrative decision of the BMV on the following grounds: 1) the BMV denied him his right to due process, 2) the BMV's decision was not supported by substantial and credible evidence adduced at the hearing because the hearing examiner failed to follow the rules of evidence and

because the state failed to provide evidence to prove its case, and 3) the trial court relied upon uncertified transcripts of the hearing.

{¶5} This court need not consider the third assertion Gurish sets forth because he did not raise this issue in the trial court. *Lias* at ¶ 28. His first and second assertions lack merit.

{¶6} R.C. 119.12 governs appeals from decisions of licensing boards. Pursuant to R.C. 119.12, a court of common pleas must determine whether the board's decision is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). The common pleas court considers the credibility of witnesses and the weight and probative character of the evidence, while also giving due deference to the administrative resolution of any evidentiary conflicts. *Abe's Auto Sales, Inc. v. Ohio Motor Vehicle Dealers Bd.*, 6th Dist. No. L-07-1165, 2008-Ohio-4739, ¶31, citing *Vesely v. Liquor Control Comm.*, 10th Dist. No. 00AP-1016, 2001 Ohio App. LEXIS 1458 (Mar. 29, 2001), and *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111, 407 N.E.2d 1265 (1980).

{¶7} On appeal from the common pleas court, an appellate court's review of an administrative decision is even more limited. *Pons* at 621. This court determines whether the trial court abused its discretion in finding

that the board's order was both supported by reliable, probative and substantive evidence and in accordance with law.  *Id.*

**{¶8}** R.C. Chapter 4507 grants authority to the BMV's registrar to administer the laws of Ohio relative to the licensing of drivers of motor vehicles.  *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 48, 554 N.E.2d 97 (1990).  As the Ohio Supreme Court observed in *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 26, quoting *Doyle*, fn. 6:

> The state has the right under its sovereign power to control automobile traffic by reasonable regulations of the circumstances under which its citizens may be licensed to operate a motor vehicle and to adopt appropriate provisions to insure competence and care on the part of licensees, to protect others using the highways; and any appropriate means adopted does not deny to a person subject to its provisions any constitutional rights under the Constitution of the United States or the state of Ohio.

**{¶9}** In this case, pursuant to R.C. 4507.20, the BMV issued written notice to Gurish that it had "good cause to believe" that Gurish was "incompetent or otherwise not qualified to be licensed" to drive in this state.

**{¶10}** Once the BMV issues the notice, the licensee is required "to submit to a * * * physical examination * * * within the time indicated on the notice."  If the licensee refuses or neglects to submit to the examination, it is "ground for suspension of the licensee's license."  R.C. 4507.20.

{¶11} The record of this case demonstrates the BMV fully complied with its statutory due process duties. The BMV received an official "Request for Driver's License Examination or Recertification" form pursuant to R.C. 4507.20 and 4507.14 from an Ohio State Trooper concerning an incident involving Gurish. The BMV thereupon issued written notice to Gurish that, based upon the information contained in the form, the BMV had good cause to believe Gurish was not medically competent to drive. The BMV's notice advised Gurish that he had a right to a hearing at which he could appear with counsel and could present evidence. The hearing examiner conducted the hearing in an impartial manner before deciding Gurish's driver's license must be suspended.

{¶12} In Ohio, a driver's license is a privilege, not a constitutionally guaranteed property right. *Doyle*, 51 Ohio St.3d 46, 51, 554 N.E.2d 97 (1990). Gurish failed to submit to a physical examination; consequently, the statute permitted the BMV to suspend his driver's license. *Hoover*, 123 Ohio St. 3d 418, 2009-Ohio-4993, 916 N.E.2d 1056.

{¶13} In appealing the BMV's decision administratively, Gurish argued the notice was issued without "good cause." Addressing this issue was precisely the purpose of the administrative hearing. *Neuger v. McCullion*, 8th Dist. No. 58282, 1991 Ohio App. LEXIS 1184 (Mar. 21, 1991), citing

*Davison v. Bur. of Motor Vehicles*, 46 Ohio App.2d 86, 345 N.E.2d 619 (5th Dist.1975).

{¶14} The Ohio Supreme Court has stated that "procedural due process does not and cannot require strict application of the judicial model" in an administrative proceeding. *Id.* Nevertheless, the hearing examiner in this case properly considered the form submitted to the BMV by the state trooper. Evid.R. 803(8) and 1005; *compare State v. Jack*, 4th Dist. No. 97CA10, 1998 Ohio App. LEXIS 1774 (Apr. 23, 1998) (court reporter's testimony about statements contained in a transcript inadmissible because witness had no personal knowledge of the event). According to the BMV form, the trooper notified Gurish on the date of the incident that the BMV report would be made and was based upon Gurish's statement to the trooper that he was "speeding   * * * because he has to use his walking cane to press the accelerator because he couldn't move his right leg."

{¶15} Gurish admitted on cross-examination that he used his cane for "cruise control." He further admitted he did so because he had medical problems with his right leg that made it difficult for him keep pressure on the vehicle's accelerator pedal for extended periods of time.

{¶16} R.C. 4507.20 requires the licensee to demonstrate his fitness to drive; the statute does not require the state to prove the licensee is unfit to

drive. Thus, R.C. 4507.20 contains no requirement, as Gurish demanded, that the state pay for the medical examination. Because the BMV's decision was based upon reliable, substantial, and probative evidence, Gurish's "issues at bar" are overruled.

{¶17} The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR