OPINION JUDGMENT ENTRY
{¶ 1} Respondent-Appellant appeals the decision of the trial court granting Petitioner-Appellee a civil stalking protection order.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Petitioner and Respondent have been neighbors since approximately 1996. Since that time they have had ongoing problems which include property line disputes and issues involving actions which were alleged to impact one another's property.
{¶ 3} On or about September 9, 2002, the Richland County Common Pleas Court issued an ex parte civil stalking protection order based upon the filing of a petition by the petitioner-Appellee, John Bucksbaum.
{¶ 4} On October 15, 2002, this matter came before a Magistrate for full hearing. The hearing was not completed and was continued to November 4, 2002.
{¶ 5} As a result of said hearing, the Magistrate granted a civil stalking protection order against respondent-Appellant, Rebecca Mitchell.
{¶ 6} On December 26, 2002, Appellant Mitchell requested additional time to file objections to the Magistrate's Decision, which the trial court granted.
{¶ 7} On January 10, 2003, new counsel for Appellant entered an appearance and requested an additional extension to allow him to review the transcript.
{¶ 8} The trial court granted same.
{¶ 9} Appellant filed her objections to the Magistrate's decision and on June 11, 2003, the trial court issued a Judgment entry overruling same.
{¶ 10} It is from this decision by the trial court overruling her objections and affirming the decision of the Magistrate on the civil protection order that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 11} "I. The trial court erred finding a violation of2903.214 occurred is against the manifest weight of the evidence."
{¶ 12} "II. The trial court abused its discretion in finding a violation of memorandum [sic] ORC § 2903.214."
 I., II.
{¶ 13} We shall deal with Appellant's assignments of error simultaneously. In her first and second assignments of error, Appellant argues that the trial court decision was against the manifest weight of the evidence and that same was an abuse of discretion. We disagree.
{¶ 14} The decision whether or not to grant a civil protection order is well within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.Williams v. McDougal (May 16, 2001), Gallia App. No. 00CA014, unreported. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
{¶ 15} Moreover, it is well-established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. As the trier of fact is in the best position to view the witnesses and their demeanor, in making a determination that a judgment is against the manifest weight of the evidence, this court is mindful that we must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. Shemo v. Mayfield Hts.
(2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533. In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court findings." State ex rel. Celebrezze v. EnvironmentalEnterprises, Inc. (1990), 53 Ohio St.3d 147, 154,559 N.E.2d 1335. Thus, in the event that the evidence is reasonably susceptible to more than one interpretation, this court must construe it consistently with the lower court's judgment.Gerijo at 226, 638 N.E.2d 533; Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19, 526 N.E.2d 1350.
{¶ 16} As we noted earlier, to be entitled to a stalking civil protection order, the petitioner must show, by a preponderance of the evidence that the respondent engaged in a violation of R.C.2903.211, the menacing by stalking statute, against the person seeking the order.
{¶ 17} Revised Code 2903.211(A) states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
{¶ 18} At the hearing, appellee provided a significant amount of evidence showing that a number of threatening incidents took place: appellant attempted to run over appellee when he was standing in the street and her actions included an obscene gesture (T. at 19, 40-41); appellant threatened to kill appellee's dogs and attempts to call them onto her property (T. at 38); appellant shined a floodlight into appellee's truck; (T. at 27); appellant engaged in surveillance of appellee's house from a park across the street from their houses (T. II. at 8-10); and appellant made statements to an investigating police officer that she had been following appellee for years, stating that when she got off work she would drive to Moore's Lumber Parking lot and look for his truck at the Amvets. (T. II. at 7-8, 11).
{¶ 19} Based on the foregoing, we find that the trial court did not err in finding that sufficient evidence existed to support the granting of the stalking civil protection order in the instant case.
{¶ 20} Appellant's assignments of error are overruled.
{¶ 21} The judgment of the Richland County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant.