DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Geneva McCoy, appeals from the judgment of the Lorain Municipal Court finding her guilty of one count of menacing by stalking, a misdemeanor of the first degree, in violation of R.C. 2903.211(A). We affirm.
 I. {¶ 2} Appellant is the natural mother of K.M., who was three years old on the dates relevant to this case. Don and Randie Oberhauser have been K.M.'s legal guardians since K.M. was approximately three months old. Randie Oberhauser is also distantly related to Appellant. From their early childhood, Appellant and Randie Oberhauser have had a close familial relationship, although the relationship has recently soured, largely over custody disputes involving K.M. The Oberhausers had also previously cared for S.M., another one of Appellant's daughters.
 {¶ 3} Late on the afternoon of August 17, 2005, Randie and K.M. returned home from a scheduled visitation session with Appellant. Appellant drove past the Oberhausers' house soon after they returned home but had no other contact with Randie. The following afternoon, as Don attempted to back his car out of the driveway, Appellant's mother Lena drove past in her van, with Appellant in the passenger seat. Lena slowed her vehicle to the point where she was only "inching" past the driveway, apparently intending to hinder Don's exit from the driveway. As Don drove up the road behind Lena's van, Lena stopped for an excessive amount of time at a stop sign even though no cars were coming on the crossroad, then hurried across the street when a long line of cars was coming, allegedly intending to delay Don's passage even further. Randie observed all of this activity from the Oberhauser's house, and Don testified that as he continued up the road behind the van, Lena and Appellant directed obscene gestures toward him. Randie testified that Don told her about the entire incident when he returned home.
 {¶ 4} On August 19, 2005, Appellant drove by again with several of her minor children in the car, while Randie was standing at the door. The occupants of the car, including Appellant, used profane names for Randie and yelled "You're gonna lose" and "She came out of my P, not yours" through the car windows.
 {¶ 5} Appellant continued to drive past the house daily between August 20 and August 22, 2005. On at least some of those days, Appellant parked in a nearby parking lot. One day, while Randie was present, Appellant videotaped Don as he stood on the porch of his house observing storm clouds. Appellant and her children yelled at Don from a distance on at least one occasion, again in Randie's presence, calling Don a "bald-headed motherf****r" and a "child molester." Appellant also told the Oberhausers at one point that K.M. was "spoiled rotten," and that if Appellant regained custody of K.M., she would "make [K.M.] work" and that she and another individual would "take turns beating [K.M.'s] a** in front of [the Oberhausers]." Randie testified that she was "embarrassed" and "very upset" by Appellant's conduct and that her doctor put her on medication for anxiety after these incidents.
 {¶ 6} Appellant was charged with menacing by stalking, in violation of R.C. 2903.211(A). The complaint named Randie Oberhauser as the victim. A bench trial was held at which Don and Randie Oberhauser testified for Appellee. Appellant did not present any witnesses. Appellant was found guilty and was later sentenced to 180 days in jail and a fine of $1,000, with the entire jail sentence and $700 of the fine suspended. She was placed on probation for a period of one year. Appellant timely appealed, citing one assignment of error. Appellee has not filed a brief in response.
 II. Assignment of Error "THE VERDICT IN THIS CASE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 7} Appellant claims that Appellee failed to establish the elements of menacing by stalking and that the trial court's judgment was therefore based on insufficient evidence and contrary to the manifest weight of the evidence. As a preliminary matter, we observe that sufficiency of the evidence and weight of the evidence are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 11} Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 12} R.C. 2903.211(A)(1) provides: "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Appellant argues that Appellee failed to establish any pattern of conduct on Appellant's part that would constitute menacing. Appellant further argues that Appellee failed to prove that Appellant caused any mental distress or any fear of physical harm to Randie.
1. Pattern of conduct.
 {¶ 13} Appellant first claims that Appellee failed to establish any pattern of conduct on Appellant's part that would constitute menacing. A pattern of conduct exists where a defendant has committed "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." R.C. 2903.211(D)(1). According to Appellant, she and the Oberhausers lived in fairly close proximity to one another and had contact with Appellant "against a backdrop of Appellant visiting her daughter who was in the custody of Ms. Oberhauser." Appellant seems to suggest that because she had lawful reasons to be in contact with the Oberhausers and because her conduct was limited to insulting verbal statements rather than threats or physical violence, she has not engaged in a "pattern of conduct" as described by R.C. 2903.211(D)(1). Appellant further argues that much of her conduct was directed toward Don Oberhauser rather than toward Randie, and that it is unclear from the testimony which of the allegedly menacing statements and acts came from Appellant and which ones came from Lena or Appellant's children.
 {¶ 14} Nevertheless, Randie was present when Appellant threatened to "take turns beating" K.M. She was standing at the door observing when Appellant drove slowly past the house and when Appellant videotaped Don standing on the front porch. There was also some testimony from Randie indicating that at least some of the comments directed at Don from Appellant's van — in Randie's presence — were uttered by Appellant:
 "Q: And some of those comments were coming from —
 "A: The little girls and [Appellant]."
 {¶ 15} Even to the extent that some of the comments may have come from Appellant's daughters, the testimony clearly shows that Appellant drove her daughters to the Oberhausers' home in her van, and it is reasonable to infer that the children were acting at the direction of their mother in simultaneously yelling that Don was a "child molester" and calling him by a variety of profane names. Consequently, the trial judge, acting as finder of fact, did not lose his way in finding that Appellant committed multiple acts that she knew would cause mental distress to Randie.
2. Fear of physical harm or mental distress.
 {¶ 16} Appellant further claims that Appellee failed to prove that Randie Oberhauser suffered any mental distress or feared for her safety as a result of Appellant's conduct. Appellant points out that, as to her emotional state, Randie only testified that Appellant's conduct made her feel "embarrassed" and "very upset" and that she was "tired" of Appellant's conduct. Additionally, Appellant argues that Randie only testified that she was prescribed medication for her anxiety after the encounters with Appellant, but not that Appellant's conduct was the cause of this anxiety.
 {¶ 17} Lay testimony as to one's mental condition — including testimony from the individual who is purportedly suffering from mental distress — can be sufficient to show the element of mental distress under R.C. 2903.211(A). State v. Tichon (1995), 102 Ohio App.3d 758,763. In the present case, Randie Oberhauser made a number of statements during her testimony that could lead a reasonable finder of fact to believe that Appellant's conduct resulted in mental distress on Randie's part:
 "Q: At any point, did you consult a physician or a psychologist regarding any mental distress that you experienced from this (unintelligible) —
 "A: I talked to my doctor and she — I talked to my doctor about all the stress I've been under.
 "* * *
 "Q: Were you prescribed medications as a result of these effects which you're, as a matter of fact, of which you're still on now as a result of the stresses?
 "A: Yes, I'm — I only take the medication when I'm under [anxiety], like when she was driving by and doing all her gestures and saying all of her things, the doctor told me only to it [sic] take then, or if I had to go to Court.
 "* * *
 "Q: And, again, you started having to take the medications after these events, August —
 "A: Yes.
 "Q: 17th through (unintelligible) —
 "A: 'cause my doctor has known for the last eight years everything that's gone on for the last eight years since I had [Appellant's other] child, [S.M.]."
 {¶ 18} Based on the foregoing evidence, it does not appear that the trial judge lost his way in finding that Randie Oberhauser suffered mental distress as a result of Appellant's conduct. Appellant's sole assignment of error is overruled.
 III. {¶ 19} Appellant's sole assignment of error is overruled. The judgment of the Lorain Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.