DECISION
{¶ 1} Appellant, George M. Jenkins, III, appeals from the June 9, 2006 judgment of the Franklin County Court of Common Pleas that granted a civil protection order to appellee, Kathleen Jenkins.
 {¶ 2} On April 11, 2006, appellee filed a petition for a civil stalking protection order pursuant to R.C. 2903.214. After conducting an ex parte hearing as authorized by statute, the trial court issued an order protecting appellee and the two minor children of the parties. The matter was referred to a magistrate of the court for a full hearing.
 {¶ 3} On April 18, 2006, the magistrate conducted a hearing with both parties present. Appellee stated that the parties were married in 1995 and that appellant had served a number of prison sentences since the marriage. Appellee testified that the two minor children of the parties were afraid of him and that appellant's own mother was so afraid of him that she had moved and did not tell appellant where she lived. Appellee said that appellant had vandalized her friend's vehicles. Although they were unable to catch him in the act, on one occasion, she witnessed appellant in her apartment complex right after the friend's vehicle was vandalized.
 {¶ 4} On two occasions, appellant tried to gain entry to appellee's home late at night. On one occasion, appellant banged loudly on the door, shouted "I know where you live," then ran to his car. (Tr. 8.) On another occasion, appellant pounded on the door to appellee's home at 1:30 a.m., and demanded to see his children. Appellee stated that appellant made a number of crank calls to her home and then hung up.
 {¶ 5} Appellant testified on his own behalf. He conceded he had been in and out of jail and had been "incarcerated quite a few times." (Tr. 10.) From what we can glean from his testimony, appellant believes that appellee has indoctrinated the children with negative thoughts about him and has kept them hidden from him. Appellant said that there was no evidence that he had made harassing telephone calls to appellee's home or that he was involved in vandalizing the vehicles of appellee's friend. An action for divorce is pending between the parties inJenkins v. Jenkins, Franklin Cty. C.P. No. 06DR-2923.
 {¶ 6} Appellant raises two assignments of error:
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT. THAT HE VIOLATED THE [APPELLANTS] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I
SECTION 16 OF THE OHIO CONSTITUTION OF THE STATE OF OHIO.
 THE TRIAL COURTS PERFORMANCE WAS DEFICIENT IN THAT THE COURT WAS NOT IMPARTIAL. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT, WHERE THE TRIAL COURT JUDGMENT (JUDGE REECE) STATES IN HIS ENTRY THAT HE ADOPTS THE DECISION OF THE MAGISTRATE, UNMODIFIED AND GRANTS PETITIONER'S REQUEST FOR A CIVIL [PROTECTION] ORDER UNTILL [SIC] APRIL 11, 2011.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT. THAT HE VIOLATED THE [APPELLANTS] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1
SECTION 16[B] OF THE CONSTITUTION OF THE STATE OF OHIO. THE TRIAL COURTS PERFORMANCE WAS DEFICIENT IN THAT THE COURT WAS NOT IMPARTIAL. THAT THE TRIAL COURTS JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND WAS BASED ON GENDER. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT, WHERE THE TRIAL COURTS JUDGMENT WAS AGAINST THE O.R.C. 2903.211
AS WELL AS, THE CONTROLLING CASE LAW FOR A CIVIL PROTECTION ORDER TO WIT: [STRIFF V. STRIFF, 2003-OHIO-794].
 {¶ 7} An assignment of error is designed to clearly state the claim of error that the appellant believes took place at the trial level and state the portions of the record where the appellant believes the error took place. An appellate court may disregard an assignment of error if the party raising it fails to identify in the record the error claimed or fails to argue the assignment separately in the brief. App.R. 12(A)(2). Although the assignments of error are not a model of clarity, we find it is possible to determine what appellant claims as error below. Therefore, we will proceed to determine the merits of the appeal.
 {¶ 8} In his first assignment of error, appellant asserts that the trial judge was not impartial. Appellant fails to identify any indicia of bias on the part of the trial judge. Instead, appellant appears to base his claim on the fact that the trial judge ordered that the civil stalking protection order would be in effect for five years rather than three years recommended by the magistrate.
 {¶ 9} Civ.R. 53 authorizes a court to refer certain matters to a magistrate of the court for determination, including the trial of any matter that will not be tried to a jury. Civ.R. 53(C)(1)(a)(ii). A petition for a civil stalking protection order may be referred to a magistrate to conduct a hearing, take evidence and render a decision. The trial court may adopt, reject or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or may hear the matter.
 {¶ 10} By the plain terms of the statute, a civil stalking protection order issued under R.C. 2903.214 is valid until a date certain, but not for more than five years. R.C. 2903.214(E)(2)(a). The duration of a civil stalking protection order is within the sound discretion of the trial court and will not be reversed on appeal absent a showing that the decision was arbitrary, unconscionable or unreasonable. Mann v.Sumser, Stark App. No. 2001CA00350, 2002-Ohio-5103, at ¶ 30-31.
 {¶ 11} In this case, the magistrate recommended that the civil stalking protection order be issued and that it continue in effect for three years. The trial court determined that a five-year period was appropriate. That decision was within the court's discretion and was within the authority of the court under Civ.R. 53(D)(4). The fact that the trial court decided that the order would remain in effect for five years rather than the three-year period recommended by the magistrate does not amount to an abuse of discretion. The first assignment of error is without merit and is overruled.
 {¶ 12} The second assignment of error raises several issues which appear to be: (1) that the trial judge was not impartial; (2) that the judgment is against the manifest weight of the evidence; (3) that the judgment is based on the gender of the parties; and (4) that the judgment is contrary to law, specifically, R.C. 2903.211. We reject the first and third claims because appellant offers no argument or evidence to demonstrate that the trial judge was biased or that the judgment was the result of gender discrimination.
 {¶ 13} Next, appellant argues that the judgment was against the manifest weight of the evidence. "The decision whether or not to grant a civil protection order is well within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion."Bucksbaum v. Mitchell, Richland App. No. 2003-CA-0070, 2004-Ohio-2233, at ¶ 14. An abuse of discretion requires more than a mere error of law or judgment. Instead, an abuse of discretion implies that the decision of a court was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Moreover, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." CE. Morris Co. v.Foley Constr Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 14} The weight to be given to the evidence and the credibility of the witnesses is primarily a matter for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied, 498 U.S. 881, 111 S.Ct. 228. This is because the trier of fact is in the best position to view the witnesses and consider their demeanor and truthfulness. The trier of fact is the trial judge in this case. An "appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court findings." State ex rel. Celebrezze v. Environmental Enterprises,Inc. (1990), 53 Ohio St.3d 147, 154. Therefore, where evidence is subject to more than one interpretation, a reviewing court must construe the evidence consistently with the judgment of the lower court.Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226.
 {¶ 15} To grant a civil protection order, the petitioner need not prove that the respondent intended to cause actual harm to the other person. Instead, the evidence must show that the respondent knowingly engaged in a pattern of conduct that causes the other person to believe that the respondent will cause physical harm or mental distress to the other person. Guthrie v. Long, Franklin App. No. 04AP-913,2005-Ohio-1541. The culpable mental state of menacing by stalking, R.C.2903.211, is "knowingly."
 {¶ 16} "Knowingly" is defined in R.C. 2901.22(B) as follows:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
Purpose or intent to cause physical harm or mental distress is not required. It is enough that the person acted knowingly.
 {¶ 17} Therefore, in order to show that a defendant violated R.C.2903.211 and is subject to a civil protection order under R.C. 2903.214, it must be shown that the respondent engaged in conduct that he knew would probably cause the complainant to believe that he would cause her physical harm or cause her to suffer mental distress. State v.Barnhardt, Lorain App. No. 05CA-008706, 2006-Ohio-4531, at ¶ 10. A preponderance of the evidence is all that is required to support a civil protection order.
 {¶ 18} By definition, a pattern of conduct is two or more actions or incidents closely related in time. R.C. 2903.211(D)(1). The incidents need not occur within any specific temporal period. For purposes of the statute, mental distress includes any condition that involves some temporary substantial incapacity or which would normally involve treatment by a mental health professional, whether or not the person actually sought treatment or was treated. R.C. 2903.211(D)(2).
 {¶ 19} Mental distress need not be incapacitating or debilitating. Additionally, expert testimony is not required to find mental distress. Lay testimony may be sufficient. State v. McCoy, Lorain App. No. 06CA-8908, 2006-Ohio-6333; State v. Tichon (1995), 102 Ohio App.3d 758. A trial court "may rely on its knowledge and experience in determining whether mental distress has been caused." State v. Wunsch,162 Ohio App.3d 21, 2005-Ohio-3498, at ¶ 18; Middletown v. Jones,167 Ohio App.3d 679, at ¶ 7.
 {¶ 20} Here, appellee testified to several incidents including two in which appellant appeared in the late evening or early morning hours and banged loudly on her door. In one of the incidents, appellant shouted that he knew where appellee lived before fleeing. A reasonable trier of fact could infer that the late night appearance and exclamation, "I know where you live," was an implied threat of violence. Therefore, a reasonable trier of fact could conclude that appellant acted knowingly to cause appellee to believe that he would cause physical harm to her.
 {¶ 21} A reasonable trier of fact also could conclude that appellant knowingly made the statement to cause mental distress to appellee. Courts have held that a showing of actual mental distress is not a required element of menacing by stalking. See Dayton v. Davis (1999),136 Ohio App.3d 26, 32. Instead, it was only necessary to establish that appellant knowingly caused appellee to believe he would cause her mental distress or physical harm. Striff v. Striff, Wood App. No. WD-02-031, 2003-Ohio-794, at
 {¶ 22} Furthermore, in addition to the late night appearances and loud banging on the door to appellee's home, appellant was seen in the immediate vicinity when the vehicle of appellee's male friend was vandalized. Appellee testified that her family and appellant's mother were afraid of appellant. His mother was so afraid of him that she moved and did not tell him her new address. Under the circumstances of this case and the standard of review we must follow, we are unable to say that the judgment of the trial court is against the manifest weight of the evidence. Appellant's second argument in the second assignment of error is without merit.
 {¶ 23} Finally, appellant argues that the judgment below is contrary to law. Appellant states only that the "judgment * * * did not meet Ohio [statutory] and case law as well as constitutional law." (Brief, 6.) Appellant does not explain how the trial court judgment is contrary to law. Therefore, we reject appellant's fourth argument. The second assignment of error is overruled.
 {¶ 24} Having overruled both assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TRAVIS, PETREE and KLATT, JJ., concur.