OPINION
{¶ 1} Petitioner-appellant, Roger W. Lemley ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which denied appellant's request for a civil stalking protection order ("CSPO") against respondent-appellee, David E. Kirk ("appellee"). For the following reasons, we affirm. *Page 2 
 {¶ 2} On January 12, 2006, appellant filed a petition for a CSPO against appellee. In his petition, appellant alleged that appellee had made verbal threats against him by telephone, had made threats against him to appellant's son, and had come to appellant's job site. Appellant also stated that a probate judge had instructed appellant's ex-wife that appellee, her current, live-in boyfriend, was not to accompany her during the pick-up or drop-off of her minor child with appellant. Finally, appellant alleged that appellee had come to his apartment building on Christmas Day. The trial court held an ex parte hearing and granted a temporary CSPO.
 {¶ 3} On January 25, 2006, following a full hearing, a magistrate issued a decision denying the CSPO. The decision recounted appellant's testimony that, in August 2004, appellee threatened, during a telephone conversation, to kill appellant. Appellant also testified concerning an October 2005 incident, when appellee allegedly came to appellant's work site with another man, but the men did not threaten appellant.
 {¶ 4} Finally, appellant testified that he and his ex-wife were engaged in litigation regarding visitation with their minor child. Appellant subpoenaed appellee to testify at a hearing in December 2005. Appellant overheard appellee "say that whomever subpoenaed him was going to have to pay him for it, or they would be in `serious trouble.'" At that hearing, according to appellant, the judge ordered that appellee not be present when appellant and his ex-wife were transferring their son to the other parent. Appellant alleged that appellee violated this order when, on December 25, 2005, appellee drove with appellant's ex-wife to pick up her son from *Page 3 
appellant's apartment. However, appellant acknowledged that appellee did not make any threats against him on that date.
 {¶ 5} The magistrate found that, even assuming the truth of everything appellant alleged, appellant had failed to establish entitlement to relief under R.C. 2903.214. Specifically, the magistrate found that appellant had not established that the August 2004 threat, if true, was part of any course of conduct, and that the incidents in October through December 2005, did not involve any direct threats of physical harm. Finally, the magistrate found: "Even if a pattern of conduct had been established, the evidence was insufficient to prove [appellee's] actions would cause a reasonable person to believe [appellee] would cause mental distress to [appellant]." As to that finding, the magistrate referenced appellant's mental health history and the stress caused by issues with his ex-wife and the ending of their relationship. For all of these reasons, the magistrate denied the CSPO.
 {¶ 6} Appellant filed objections to the magistrate's decision. On August 21, 2006, following a hearing before the trial court, the court overruled appellant's objections and denied the CSPO. Appellant filed a timely appeal, and he raises the following assignment of error:
 THE TRIAL COURT ERRED BY GRANTING JUDGMENT IN FAVOR OF THE RESPONDENT WHEN THE RECORD PRESENTS GENUINE ISSUES OF MATERIAL FACT THAT DEMAND RESOLUTION BY THE TRIER OF FACT.
 {¶ 7} R.C. 2903.214 authorizes a trial court to issue a CSPO if, following a hearing, the court finds that a respondent engaged in a violation of R.C. 2903.211 *Page 4 
against the person who petitions for the order. R.C. 2903.211
provides, in pertinent part:
 (A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
 * * *
 (B) Whoever violates this section is guilty of menacing by stalking.
 * * *
 (D) As used in this section:
 (1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents. * * *
 (2) "Mental distress" means any of the following:
 (a) Any mental illness or condition that involves some temporary substantial incapacity;
 (b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.
 {¶ 8} A trial court's decision whether or not to grant an order under these provisions lies within the court's discretion, and we will not reverse such a decision absent an abuse of that discretion. Jenkins v.Jenkins, Franklin App. No. 06AP-652, 2007-Ohio-422, at ¶ 13. An abuse of discretion requires more than a mere error of law or judgment. Rather, an abuse of discretion implies that the decision of the court was *Page 5 
unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Here, appellant argues that the trial court erred in deciding not to issue a CSPO. According to appellant, the trial court denied his petition based on a "technicality," i.e., the magistrate's finding that the alleged incidents were not closely related in time. Although appellant raised this question before the trial court, the court "side stepped it." Based on this alleged error, appellant requests a remand for further proceedings.
 {¶ 10} As an initial matter, we note that the trial court did address the close proximity issue, albeit briefly. See Decision and Entry at 5 (alleged conduct and incidents "were not related in close proximity to the time of the August 2004 threat"). But, more importantly, a finding concerning the proximity of the alleged events was not necessary because, even if the incidents were closely related in time, appellant would still not be entitled to relief.
 {¶ 11} In order to obtain a CSPO under R.C. 2903.214, appellant had the burden to prove that appellee engaged in a "pattern of conduct," that is, on two or more occasions, appellee knowingly caused appellant to believe that he would cause physical harm or caused appellant "mental distress" as defined by R.C. 2903.211. As the magistrate and trial court concluded, however, the incidents in August and December 2005 did not involve any direct threats of physical harm, nor was there evidence that they caused the serious mental distress the statute requires. Thus, these incidents could not have been part of a pattern of conduct, no matter when they occurred. *Page 6 
 {¶ 12} Only the August 2004 incident, which did involve a direct threat of physical harm, could have constituted the type of threatening conduct R.C. 2903.211 prohibits. But this single incident does not constitute a "pattern" of conduct under R.C. 2903.211. Thus, appellant was not entitled to a CSPO under R.C. 2903.214, and there are no unresolved issues remaining.
 {¶ 13} For these reasons, we overrule appellant's sole assignment of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1