[Cite as *N.P. v. T.N.*, 2018-Ohio-2647.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106314**

---

**N.P.**

PETITIONER-APPELLEE
and CROSS-APPELLANT

vs.

**T.N., ET AL.**

RESPONDENTS-APPELLANTS
and CROSS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-865207

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 5, 2018

**[Cite as *N.P. v. T.N.*, 2018-Ohio-2647.]**
**ATTORNEY FOR APPELLANTS**

Robert Smith
Law Offices of Robert Smith, III, L.L.C.
3751 Prospect Avenue East, Third Floor
Cleveland, Ohio   44115


**ATTORNEYS FOR APPELLEE**

Patrick M. Farrell
600 East Granger Road, 2nd Floor
Brooklyn Heights, Ohio   44131

John T. Forristal
P.O. Box 16832
Rocky River, Ohio   44116

**Also listed:**

D.H., pro se
20503 Ridgewood Avenue
Warrensville Heights, Ohio   44122

SEAN C. GALLAGHER, J.:

{¶1} Respondents-appellants, T.N. and M.N. (the "Respondents"), appeal the decision of the trial court to issue civil stalking protection orders against them. Petitioner-appellee, N.P., filed a cross-appeal from the decision of the trial court that found her in contempt of court and fined her $500 for violating paragraphs 6 and 7 of the additional conditions stated in a September 30, 2015 civil stalking protection order that had been issued against her. Upon review, we affirm the trial court's decisions.

**Background**

{¶2} N.P. and the Respondents are next-door neighbors, who reside in Warrensville Heights, Ohio. They have had a contentious history as neighbors dating back to 2011. The record reflects that each side has engaged in less than civil conduct toward the other.

{¶3} In September 2015, the Respondents were granted a civil stalking protection order with additional conditions in Cuyahoga C.P. No. CV-15-850821. In relevant part, the additional conditions under the protection order limited N.P.'s operation of her outdoor fireplace, precluded N.P. from trespassing on the Respondents' property, required N.P. to remove all published media related to the protected persons and from publishing any additional media of the protected persons, precluded N.P. from photographing or videotaping any of the protected persons or the Respondents' property, and precluded N.P. from communicating with any guests or invitees at the Respondents' residence.

{¶4} In June 2016, the Respondents filed a motion to show cause that requested the court hold N.P. in contempt for violating the protection order and conditions. The next day, N.P. filed

three petitions for civil stalking protection orders against the Respondents and D.H., who is another neighbor, in Cuyahoga C.P. No. CV-16-865207. Thereafter, the two cases were consolidated.

{¶5} Following proceedings in the matter, the trial court permitted N.P. to amend her petitions; the parties conducted discovery, and the trial court ruled on various motions. A full hearing was concluded on August 29, 2017.

{¶6} The testimony at the hearing revealed that the Respondents had placed security cameras to monitor N.P.'s property "24/7" and to capture any activity outside N.P.'s home, including in her driveway and yard.[1] N.P. complained that the Respondents' voyeurism invades her privacy. The Respondents' trial counsel maintained that the cameras are a way of monitoring conduct that "potentially violates the [protection] order[.]" Evidence also established that the Respondents made numerous calls to the Warrensville Heights police department, fire department, the EPA, and other agencies to report activities they felt N.P. was engaging in on her property. The Respondents admitted to having called in excess of 20 times from April through September 2015, and conceded that they still call the police whenever they believe there is a problem. However, they were unable to show any resulting citations were issued, and many of their claims were unfounded. There also was evidence of the Respondents disregarding property lines.

{¶7} N.P.'s daughter testified to the difficulties of being watched by the neighbors' cameras. She observed that the Respondents' actions have caused N.P. to become "emotionally

---

[1] We refer to N.P.'s property only in the context that she resided on the property. N.P. is a renter in the home, which is owned by her aunt, and she resides in the home with her husband. Her husband's friend also was residing in the home, and occasionally N.P.'s daughter resides in the home.

distraught."   N.P. testified that the menacing and intrusion was such that she "can't go outside and be at peace without police showing up or cameras moving, watching me and my family." She testified that "it's more than just mental distress * * * it's just overbearing" and also indicated "[i]t is depressing, it is mentally draining."

{¶8} As to the claim that N.P. was in contempt, N.P. conceded she was using a WiFi network name that contained the Respondents' street number and identified them as police callers.   She testified "that's my WiFi — it's my WiFi name[.]"   When asked if the network was still up, she responded "possibly."   She also testified she had been using a video camera on the side of her window that captured her driveway, part of her yard, and part of the Respondents' property.   She only recently had taken the camera down.

{¶9} The trial court found N.P. in contempt of court and fined her $500 for violating paragraphs 6 and 7 of the additional conditions of the September 30, 2015 civil stalking protection order, which required N.P. to refrain from publishing media related to the Respondents and precluded her from photographing them in any manner.

{¶10} The trial court denied N.P.'s petition for a civil stalking protection order as to respondent D.H.   The court issued civil stalking protection orders against Respondents.   In part, the court ordered the Respondents to angle the currently installed east-facing camera or to otherwise place a guard on the camera so as to prevent the camera from viewing the property occupied by N.P. on the east side of her home.

{¶11} The Respondents filed an appeal, and N.P. filed a cross-appeal.   The matter is now before us for review.

**Assignments of Error**

{¶12} Under their first and second assignments of error, the Respondents claim the trial court erred by permitting N.P. to proceed with her petitions for civil stalking protection orders and by allowing her to file amended petitions. The record reflects that the trial court denied the Respondents' motion to strike the amended petitions.

{¶13} The Respondents claim that the petitions and amended petitions were filed in retaliation to the motion to show cause filed against N.P. They further assert that the allegations failed to establish they engaged in a pattern of conduct that caused physical harm or mental distress pursuant to R.C. 2903.211(A)(1), and that the evidence and testimony presented failed to show any conduct that created "an immediate and present danger" for purposes of granting the requested relief under R.C. 2903.214. Essentially, the Respondents do not believe N.P. should have been permitted to pursue her petitions and that their conduct did not warrant the issuance of civil stalking protection orders.

{¶14} The record reflects that N.P.'s petitions and amended petitions were filed pursuant to R.C. 2903.214 and properly alleged that the Respondents had engaged in a violation of R.C. 2903.11, menacing by stalking, against her. N.P. set forth sufficient claims and attached to each petition a detailed description of the nature and extent of the pattern of conduct alleged to have caused her to believe that the Respondents would cause her physical harm or mental distress. Although the alleged conduct dated back to 2011, the timeline attached to the amended petitions was replete with alleged conduct occurring in 2015 and 2016, which included, among others, allegations of stalking by means of video camera, trespassing, and calling the police with regard to unfounded allegations. The alleged conduct included recent events occurring from June 24, 2016, to October 31, 2016, when the amended petitions were filed.

{¶15} We find no error in the trial court's decision to deny the motion to strike and to proceed with the merits of the action. The first and second assignments of error are overruled.

{¶16} Under their third assignment of error, the Respondents claim the trial court abused its discretion by permitting the parties to engage in a full range of discovery under the Ohio Rules of Civil Procedure. The Respondents cite no authority in support of their argument.

{¶17} R.C. 2903.214 allows a victim of menacing by stalking to seek a civil protection order. The statute is civil in nature and provides that "the court shall proceed as in a normal civil action and grant a full hearing on the matter" and that "[a]ny proceeding under this section shall be conducted in accordance with the Rules of Civil Procedure * * *." R.C. 2903.214(D)(3) and (G). We find no abuse of discretion by the trial court and overrule the third assignment of error.

{¶18} Under their fourth assignment of error, the Respondents claim the trial court erred by failing to exclude evidence of conduct occurring in August 2015 relating to the Respondents' crossing the property line. The record reflects that no objection was raised at the hearing. Regardless, we find the Respondents have failed to demonstrate any abuse of discretion or reversible error occurred by the trial court's inclusion of this testimony.

{¶19} Under their fifth assignment of error, the Respondents challenge the trial court's decision to issue the civil stalking protection orders against them. They argue that the claimed constant reporting of N.P. to law enforcement officials and constant surveillance of N.P. by video camera was not unlawful and did not constitute a "pattern of conduct" that could reasonably cause mental distress under R.C. 2903.211. They further challenge the credibility of N.P.'s testimony regarding "mental distress."

{¶20} R.C. 2903.214 governs a petition for a protection order to protect a victim of menacing by stalking, in violation of R.C. 2903.211. The petitioner for a civil stalking protection order must show, by a preponderance of the evidence, that the respondent's conduct violates the menacing-by-stalking statute. *Cipriani v. Ehlert*, 8th Dist. Cuyahoga No. 103767, 2016-Ohio-5840, ¶ 6. We review the decision to grant a civil protection order for an abuse of discretion. *Williams v. Flannery*, 8th Dist. Cuyahoga No. 101880, 2015-Ohio-2040, ¶ 6.

{¶21} In relevant part, R.C. 2903.11 defines menacing by stalking as follows: "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1).

{¶22} "Pattern of conduct" is defined as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." R.C. 2903.211(D)(1). "'[T]he temporal period within which the two or more actions or incidents must occur * * * [is a] matter to be determined by the trier of fact on a case-by-case basis.'" *Elkins v. Manley*, 8th Dist. Cuyahoga No. 104393, 2016-Ohio-8307, ¶ 16, quoting *Ellet v. Falk*, 6th Dist. Lucas No. L-09-1313, 2010-Ohio-6219, ¶ 22.

{¶23} "Mental distress" is defined as any of the following:

(a) Any mental illness or condition that involves some temporary substantial incapacity;

(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

R.C. 2903.211(D)(2). It is not required "that a person requested or received psychiatric treatment, psychological treatment, or other mental health services in order to show that the person was caused mental distress[.]" *See* R.C. 2903.211(E). Further, mental distress need not be incapacitating or debilitating, and expert testimony is not required. *Rufener v. Hutson*, 8th Dist. Cuyahoga No. 97635, 2012-Ohio-5061, ¶ 17, citing *Jenkins v. Jenkins*, 10th Dist. Franklin No. 06AP-652, 2007-Ohio-422, ¶ 19. Rather, the trial court "'may rely on its knowledge and experience in determining whether mental distress has been caused.'" *Rufener* at ¶ 17, quoting *State v. Wunsch*, 162 Ohio App.3d 21, 2005-Ohio-3498, 832 N.E.2d 757, ¶ 18 (4th Dist.).

**{¶24}** Having reviewed the testimony presented in this matter, we find N.P. presented competent, credible evidence that the Respondents knowingly engaged in a pattern of conduct that caused N.P. mental distress. The evidence presented established that the Respondents have continuously interfered with N.P. and her family's privacy and enjoyment of their property by constantly monitoring via video camera the activities on their property, continually reporting unfounded activities to authorities, and disregarding property lines. Although the complained behavior dated back to 2011, the record demonstrates recent activities upon which the trial court could find two or more actions or incidents closely related in time. There was also evidence that the Respondents' conduct caused N.P. mental distress, and the trial court was free to assess the credibility of the witnesses. We find no abuse of discretion in the trial court's determination to find the Respondents engaged in a pattern of conduct that caused N.P. mental distress, and to issue the civil stalking protection orders. The fifth assignment of error is overruled.

**Cross-Assignment of Error**

**{¶25}** In her cross-appeal, N.P. claims the trial court erred in finding she violated paragraphs 6 and 7 of the additional conditions of the September 30, 2015 civil stalking protection order issued against her. These paragraphs included the following conditions:

> 6. [N.P.] shall remove all published media related to the protected persons named in this Order and refrain from publishing any additional media of the protected persons named in this Order.

> 7. [N.P.] shall not photograph in any manner, including but not limited to any videotape, digital, or audio recording, any of the protected persons named in this Order or of the [Respondents'] property * * *, unless it is done to record a violation of this Order.

**{¶26}** With regard to the violation of paragraph 6, there was evidence that N.P. was using a WiFi network name that contained the Respondents' street number and identified them as police callers. N.P. claims there was no evidence she named the WiFi network, as opposed to another family member, and that the name of a WiFi network is not published media. However, the record reflects that N.P. testified "that's my WiFi — it's my WiFi name[.]" Furthermore, it is commonly known that the public can view a private WiFi name on media devices.

**{¶27}** As to the violation of paragraph 7, N.P. claims there was no evidence that the cameras on her home were installed, monitored, or maintained by her, and that there was no evidence that the cameras were photographing the Respondents or their property. However, N.P. testified that she had been using a video camera on the side of her window that captured her driveway, part of her yard, and part of the Respondents' property, and that she only recently had taken the camera down.

**{¶28}** Our review reflects there was competent, credible evidence to support the trial court's finding that N.P. violated the subject conditions. N.P.'s cross-assignment of error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR

[Cite as *N.P. v. T.N.*, 2018-Ohio-2647.]