### In re BEEKMAN, Appellant.

[Cite as *In re Beekman* (2001), 144 Ohio App.3d 349.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–1171.

Decided June 21, 2001.

*William J. Owen,* for appellant.

*Evans, St. Clair & Bainter, LLP,* and *Gregory S. DuPont,* for appellee.

TYACK, Judge.

On August 9, 2000, the Franklin County Probate Court journalized an entry, pursuant to R.C. Chapter 5122, ordering Terrence Beekman to be committed to a psychiatric hospital for a period not to exceed ninety days; the order also permitted the forced administration of psychotropic/antipsychotic medication during that ninety-day period. The order indicates that Beekman's commitment is to the Licking/Knox County Alcohol, Drug Addiction and Mental Health Services Board, with placement at the Columbus Campus of Twin Valley Psychiatric System ("TVPS").

Beekman, through counsel, filed objections to the magistrate's decision on August 11, 2000. A hearing on the objections occurred on September 22, 2000. The objections were subsequently overruled, pursuant to an entry journalized by the probate court on September 26, 2000.

Terrence Beekman ("appellant") has appealed the commitment and drug-administration order, assigning two errors for our consideration:

ASSIGNMENT OF ERROR I

"The trial court's decision to commit appellant was against the manifest weight of the evidence."

ASSIGNMENT OF ERROR II

"The court erred as a matter of law in denying appellant's request for an independent evaluation."

Appellant's first assignment of error challenges the weight of the evidence as being inadequate to sustain the trial court's decision authorizing the ninety-day commitment and the forced administration of psychotropic medication.

Preliminarily, we note the well-established standard by which we are bound in reviewing manifest weight claims. That standard is set forth in the syllabus to *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

The magistrate's report filed August 9, 2000, indicates the following findings: that appellant was diagnosed as suffering from delusional disorder; that he had prior "lengthy psychiatric hospitalization"; and, finally, that he is "a mentally ill person subject to hospitalization by [c]ourt [o]rder." The treatment plan includes "meds and counseling." Finally, a specific finding indicates that inpatient psychiatric treatment at TVPS is the "least restrictive alternative available."

The probate court's entry specifies its finding that appellant's hospitalization is appropriate pursuant to R.C. 5122.01(B)(2), (3), and (4).

R.C. 5122.01(B) provides:

" 'Mentally ill person subject to hospitalization by court order' means a mentally ill person who, because of the person's illness:

"* * *

"(2) Represents a substantial risk of physical harm to others as manifested by evidence of recent homicidal or other violent behavior, evidence of recent threats that place another in reasonable fear of violent behavior and serious physical harm, or other evidence of present dangerousness;

"(3) Represents a substantial and immediate risk of serious physical impairment or injury to self as manifested by evidence that the person is unable to provide for and is not providing for the person's basic physical needs because of

the person's mental illness and that appropriate provision for those needs cannot be made immediately available in the community; or

"(4) Would benefit from treatment in a hospital for his mental illness and is in need of such treatment as manifested by evidence of behavior that creates a grave and imminent risk to substantial rights of others or himself.".

■ Appellant's brief on the manifest weight issue contains an accurate discussion of the law in general related to involuntary civil commitments of mentally ill persons and the forced administration of drugs. Statutory and case law are unequivocal in recognizing that such significant liberty interests implicate, *inter alia*, the full panoply of due process protections. See, *e.g.*, *Steele v. Hamilton Cty. Community Mental Health Bd.* (2000), 90 Ohio St.3d 176, 736 N.E.2d 10.

Notwithstanding appellant's dissertation of the status of the law, however, appellant fails to satisfy his burden of establishing that the lower court's decision was not supported by competent, credible evidence.

Appellant acknowledges that the record on appeal does not contain complete transcripts of all proceedings below. To complicate matters further, that evidence that is before us is filed under seal as "confidential." To the extent transcripts of testimony are included in the record, we have reviewed them thoroughly. We have also reviewed the plethora of "exhibits" that entail numerous documents, many of which are written by appellant. Therefore, while we have conducted a review of the record required by a manifest weight challenge, we are reticent to detail the confidential facts present therein.

Given the state of this record and the trial court's specific evidentiary findings discussed above, we cannot conclude that the trial court's order adopting the magistrate's findings and sustaining the decision to commit appellant, and to administer psychotropic medication, was against the manifest weight of the evidence.

Accordingly, the first assignment of error is overruled.

By the precise language of his second assignment of error, appellant purports to argue that the trial court erred in denying his request for an independent evaluation. However, since the record establishes that appellant did receive an independent evaluation, the substantive portion of appellant's argument reveals a far different issue.

■ First, appellant clarifies that the independent evaluation he sought was to be conducted by a psychiatrist of his choice. Standing alone, that request is not of itself *per se* unreasonable. However, the primary thrust of appellant's actual claim of error poses an extremely narrow proposition—that the trial court erred

"as a matter of law" in failing to order TVPS to transport him to the private office of his chosen expert, who refused to examine appellant at the institution.

According to the record, authorities at TVPS declined to transport appellant to the physician's office because appellant posed an escape risk, which, in turn, presented a potential risk of danger to both appellant himself and the public in general.

In support of this narrow proposition, appellant directs our attention, without elaboration, to R.C. 5122.29, which sets forth certain statutory rights of mentally ill patients hospitalized and/or committed pursuant to this statutory scheme. Specifically, appellant refers to R.C. 5122.29(C), which provides "[t]he right to * * *, unless prior court restriction has been obtained, to communicate freely with and be visited at reasonable times by his personal physician or psychologist."

The trial court's entry addressed the above provision and concluded, in essence, that it contains no language, express or implicit, conferring the claimed "right" to be transferred to a private physician's office. We agree, particularly where, as here, appellant has been declared an escape risk.

We cannot say that the trial court erred as a matter of law in not accommodating appellant's request to order TVPS to transfer him to the physician's office under the circumstances of this case.

Finally, appellant implicitly incorporates into this argument an ongoing objection to the magistrate's refusal to continue the civil commitment hearing for the purpose of appellant's obtaining his chosen expert's evaluation. However, the record reveals that the magistrate had already been more than reasonable in continuing the hearing on a number of occasions to accommodate appellant's attempts to be evaluated by his chosen physician. Since that option became impossible and appellant had undergone an evaluation, the continuance would have served no practical purpose.

The second assignment of error is overruled.

Having overruled the assignments of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and LAZARUS, J., concur.