DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Paula Likens, appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment to Appellee, Westfield Insurance Company. We affirm.
 {¶ 2} The parties previously stipulated to all material facts set forth in their briefs. Appellant is the daughter of Homer Likens, who was injured as a result of an automobile accident on January 2, 2001. In November 2002, Homer Likens, his wife, Orzie, and three adult children, including Appellant, filed a complaint for underinsured motorist (UIM) coverage against numerous insurance companies, including Appellee's Nationwide Insurance Company ("Nationwide").[1] Appellant was the only adult child residing at her parents' home when the accident occurred. At the time of the accident, Homer Likens and the tortfeasor, Judson McLamara, were each driving their separate vehicles and were the only two people physically involved in the collision.
 {¶ 3} Judson McLamara possessed a personal automobile insurance policy issued by Preferred Mutual Insurance Company, with liability coverage limits of $100,000 per person/$300,000 per accident. The per person limit of $100,000 was issued to Homer and Orzie Likens prior to filing this lawsuit. Homer and Orzie Likens carried a personal automobile insurance policy issue by Nationwide, with UIM coverage of $100,000 per person/$300,000 per accident. Nationwide received notice of the instant underinsured motorist claims and did not object to Homer and Orzie Likens' settlement with Judson McLamara. Both parties agree that Homer and Orzie Likens were not entitled to receive any underinsured motorist coverage from their own policy.
 {¶ 4} Appellant qualified as an insured under her parents' policy because she was a relative residing in their home. In addition to being an insured under her parents' Nationwide policy, Appellant also had her own automobile insurance policy from Nationwide with $100,000 per person/$300,000 per accident UIM coverage at the time of her father's accident. Homer and Orzie Likens also qualified as insureds under Appellant's policy, as they were relatives living in the same household as Appellant.
 {¶ 5} Appellant presented a claim to Nationwide for UIM coverage owed to her under her own automobile insurance policy because of the injuries sustained by her father. Appellant is seeking coverage under her own Nationwide policy for loss of consortium damages she suffered as a result of her father's injuries. Homer and Orzie Likens have not presented a claim to Nationwide under Appellant's policy.
 {¶ 6} The parties filed stipulations of fact and cross-motions for summary judgment in July 2003, and each party subsequently filed briefs in opposition to the dispositive motions in August 2003. Both parties also filed reply briefs in August and September 2003, and the trial court denied Appellant's motion and granted summary judgment to Nationwide on October 20, 2004.
 {¶ 7} Appellant appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in holding that UIM coverage was not available to Appellant, Paula Likens, under her Nationwide personal automobile policy."
 {¶ 8} In the sole assignment of error, Appellant argues that the trial court erred when it held that UIM coverage was not available to Appellant under her personal Nationwide policy. Specifically, Appellant asserts that it was improper for the trial court to consider the tortfeasor's liability policy limits with her own UIM policy limits when there was "nothing available for payment" to her from the tortfeasor's policy. Appellant also argues that the trial court erred when it applied payments made by the tortfeasor's liability carrier to her other resident relatives, Homer and Orzie Likens, as a setoff against her own UIM coverage. Finally, Appellant asserts that it was improper for the trial court to preclude UIM coverage to her in such a manner that she would have been in a more favorable position if the tortfeasor had been uninsured, rather than underinsured. We disagree.
 {¶ 9} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C);Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 10} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 11} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ. R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial.State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} "[F]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, 289. It is uncontested by the parties that House Bill 261 version of R.C. 3937.18 applies to Appellant's claim under her Nationwide policy. This version of R.C. 3937.18(A)(2) provides:
"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, * * * suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
 {¶ 13} Appellant's Nationwide policy reads:
"Coverage Agreement
"You and a Relative
"We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:
"1. ownership;
"2. maintenance; or
"3. use;
"of the uninsured motor vehicle.
* * *
Definition
"1. An uninsured motor vehicle is:
* * *
"b) one which is underinsured. This is a motor vehicle for which bodily injury liability coverage limits or other security or bonds are in effect; however, their total amount;
(1) is less than; or
(2) is reduced by payments to others in an amount less than; the limits of this coverage."
 {¶ 14} This Court agrees with Appellee's analysis under Brown v.Saliba (June 28, 2000), 7th Dist. No. 264, at 9-10, when the court stated:
"The plain language of the above cited statute clearly indicates that UM/UIM coverage is available only when the total available liability insurance limits are less than the applicable UM/UIM limits. * * * The policy language, consistent with R.C. 3937.18, clearly contemplates comparing the total available liability coverage limitations with the policy limits of the UM/UIM policy. It is only when the total amount of liability coverage available for payment is less than the relevant UM/UIM policy limits that a valid UIM/UM claim exists."
As in the case of the Nationwide policy at issue in Saliba, the parameters of UM/UIM availability are contained in Appellant's policy's language which defines an uninsured vehicle to be the same as an underinsured vehicle. This results in an automobile with liability coverage that is in effect, however their total amount is less than, or is reduced by payments to others in an amount less than, the limits of the policy's coverage. "It is only when the total amount of liability coverage available for payment is less than the relevant UIM/UM policy limits that a valid UIM/UM claim exists." Id at 10. We agree with the trial court's holding that this is a threshold issue that Appellant must overcome before analyzing any potential setoff issues.
 {¶ 15} Consequently, Appellant cannot meet the threshold requirement because the tortfeasor's per person liability limit of $100,000 and her own UM/UIM limits were the same. Under Appellant's policy, her parents are her "relatives" and the $100,000 they received from the tortfeasor satisfied the claim they had made against the tortfeasor as insureds, which was the identical amount of liability coverage for insureds under Appellant's policy. As Appellant's policy limits were identical, the statutory threshold was not met. This Court agrees with the trial court that the amount "available for payment" and "actually recovered by an insured" equals the amount of UIM coverage available from Appellant's policy. Consequently, Appellant is unable to receive UIM coverage under her own policy for her father's injuries. As the threshold requirement is dispositive of Appellant's additional arguments in her brief, we decline to address them.
 {¶ 16} We overrule Appellant's assignment of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into
Court of Appeals of Ohio, Ninth Judicial District execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Moore, J. Concur.
[1] Paula Likens' claim is the only claim at issue in this case, and the other adult children of Homer Likens are not parties in this matter.