OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Municipal Court dismissing the action against defendant-appellee, Leona K. Congrove. Because the trial court did not abuse its discretion, we affirm the trial court's judgment.
 {¶ 2} By complaint, Ms. Congrove was charged with domestic violence, a violation of R.C. 2919.25(A) and a misdemeanor of the first degree, and with assault, a violation of R.C. 2903.13 and a misdemeanor of the first degree. According to the state, on September 10, 2006, Ms. Congrove knowingly caused or attempted to cause physical *Page 2 
harm to her 11-year-old son, Christopher Lambermont, by throwing him to the ground, thereby injuring his wrist. Defendant was later arrested.
 {¶ 3} Defendant pled not guilty to the charges against her. At a pretrial hearing, the trial court instructed that "[witnesses need to be present timely. If they aren't * * * I would entertain a motion from the defense to dismiss." (Sept. 21, 2006 Tr., at 4.) The trial was set for 10 a.m. on October 10, 2006, and the assistant prosecuting attorney affirmatively acknowledged the court's order.
 {¶ 4} On the day of trial, the state's witnesses were not present at 10 a.m. as ordered. After waiting nearly two hours for the witnesses to arrive, the court called the matter for trial at 11:50 a.m., at which time the defendant moved to dismiss the case against her because the prosecution had not complied with the court order to have witnesses timely present for trial. Defendant, who had been incarcerated since her arrest, had not waived her right to a speedy trial.
 {¶ 5} The trial court granted defendant's motion to dismiss and entered judgment in favor of defendant. Later, upon reconsideration, the trial court declined to overrule its earlier ruling. But, see, State v.Garcia (May 2, 1995), Franklin App. No. 94APA11-1646 (no authority for filing motion for reconsideration in a criminal case); State v.Kramer, Franklin App. No. 03AP-633, 2004-Ohio-2646, at ¶ 7 (motion for reconsideration in criminal case is a legal nullity).
 {¶ 6} From the trial court's judgment of dismissal, the state appeals and assigns the following error for our consideration:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE DOMESTIC VIOLENCE CHARGES AGAINST THE APPELLEE, OVER THE OBJECTION OF THE PROSECUTION, WHEN THE STATE INDICATED *Page 3 
THAT IT WAS READY TO PROCEED TO TRIAL AND THE DISMISSAL DID NOT SERVE THE INTERESTS OF JUSTICE.
 {¶ 7} Here, the state only challenges the trial court's dismissal of the domestic violence charge against defendant; the state does not challenge the trial court's dismissal of the assault charge against defendant.
 {¶ 8} In support of its assignment of error, the state asserts that the trial court abused its discretion in dismissing the case where the interests of justice were not served and where defendant's constitutional and statutory rights were not affected. According to the state, its witnesses were available, and its desire to proceed to trial was made known to the court. The state also asserts that the trial court erred by failing to consider the five factors articulated by the Supreme Court of Ohio in State v. Busch, 76 Ohio St.3d 613, 615, 1996-Ohio-82.
 {¶ 9} A prosecuting attorney has the right to appeal from any decision of a trial court in a criminal case where the trial court dismisses all or any part of a complaint. R.C. 2945.67. When assessing whether a trial court erred by dismissing a criminal charge, an appellate court considers whether the trial court abused its discretion. Busch, at 616;State v. Taylor (Aug. 23, 2001), Franklin App. No. 01AP-158. The term "abuse of discretion" implies an unreasonable, arbitrary or unconscionable attitude. Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359. An unreasonable decision is one that is not supported by a sound reasoning process, AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, while an arbitrary attitude is one " `without adequate determining principle; * * * not governed by any fixed rules or standard.' "Dayton ex rel. Scandrick, at 359, quoting Black's Law *Page 4 
Dictionary (5 Ed.). Additionally, a reviewing court may not substitute its judgment for that of the trial court when applying the abuse-of-discretion standard. Stockdale v. Baba, 153 Ohio App.3d 712,2003-Ohio-4366, at ¶ 54.
 {¶ 10} The state acknowledges that the trial court's order required witnesses "to be present timely." However, the state contends that the meaning of the court's order is unclear. In State v. Porterfield,106 Ohio St.3d 5, 2005-Ohio-3095, the Supreme Court of Ohio explained: "When confronted with allegations of ambiguity, a court is to objectively and thoroughly examine the writing to attempt to ascertain its meaning. * * * Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed." Id. at ¶ 11. Here, the trial court expressly specified that trial would commence at 10 a.m. on October 10, 2006, and the court expressly ordered the state's witnesses to be present at the time that trial was scheduled to commence. After objectively and thoroughly examining the trial court's order and the record, we cannot conclude that a definitive meaning of the trial court's order proves elusive. See Porterfield, at ¶ 11. Accordingly, the state's contention that the trial court's order was ambiguous is unconvincing.
 {¶ 11} In this case, the state failed to ensure that the victim, a minor, was present at the time that the trial was scheduled to begin. Having given the prosecution the benefit of almost two hours to secure its witnesses on the morning of trial, the court finally called the case at 11:50 a.m. Indeed, the victim did not arrive at court until 12:25 p.m., approximately two and one-half hours after trial was scheduled to begin. Despite the trial court's order requiring witnesses to be present by 10 a.m. on the day of trial, the state anticipated that law enforcement officers would not be called as witnesses until 1:30 p.m. *Page 5 
Relying on a belief that law enforcement officers would not be called as witnesses until later in the trial, the state failed to secure the presence of these witnesses at the time that the trial was scheduled to begin.
 {¶ 12} At the time that the trial court called the matter to trial, the state did not have any witnesses present, and it also did not have a 911 tape available. (Oct. 10, 2006 Tr., at 7.) Such facts belie the state's contention that it was prepared to proceed to trial.
 {¶ 13} The state also contends that this case was improperly dismissed under Crim.R. 48. Crim.R. 48(B) recognizes by implication that a trial court sua sponte may dismiss a criminal action over the objection of the state because the rule sets forth a procedure for doing so.Busch, at 615. Crim.R. 48 "does not limit the reasons for which a trial judge might dismiss a case, and the Supreme Court of Ohio has held that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice." Columbus v. Storey, Franklin App. No. 03AP-743, 2004-Ohio-3377, at ¶ 8, citing Busch, at 615. (Footnote omitted.) "However, the trial court must state on the record its findings of fact and reasons for the dismissal." Storey, at ¶ 8. (Footnote omitted.) See, also, State v. Today's Bookstore, Inc. (1993),86 Ohio App.3d 810, 824, cause dismissed, 66 Ohio St.3d 1522, citingState v. Sutton (1980), 64 Ohio App.2d 105 (stating that "a court has inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied either a constitutional or statutory right, the violation of which would, in itself, bar prosecution").
 {¶ 14} Under the specific facts and circumstances of this case, we cannot conclude that the trial court acted arbitrarily, unreasonably, or unconscionably when it determined that dismissal of the action against defendant served the interests of justice. *Page 6 
See, generally, Busch, at 615, citing Royal Idemn. Co. v. J.C. PenneyCo. (1986), 27 Ohio St.3d 31, 33-34 (stating that "[t]rial judges are at the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the `inherent power to regulate the practice before it and protect the integrity of its proceedings' ").
 {¶ 15} In the present case, the trial court considered the following factors when it dismissed the action against defendant: (1) defendant had been in custody since she was arrested; (2) defendant's counsel specifically discussed with the court and the state a desire to have a firm trial date; (3) defendant, who was on probation at the time, was also scheduled to have a hearing concerning municipal court case No. 2006-CRB-11435, presumably related to possible revocation of probation; and (4) the state and defendant were told to have "all necessary witnesses present timely." (Oct. 10, 2006 Tr., at 24-25.) Responding to the realities and practicalities of managing a caseload, as well as to the rights and interests of the prosecution, the accused, and the victims, the trial court determined at 11:50 a.m. that the interests of justice were not best served by continuing to wait to make a ruling on defendant's motion to dismiss. Id. at 25.
 {¶ 16} The state additionally argues that the trial court erred by failing to consider the five factors articulated by the Supreme Court of Ohio in Busch, supra. In Busch, the Supreme Court of Ohio stated:
 We do not suggest that in every domestic violence case where the victim refuses to testify a trial judge has the unfettered power to dismiss the case. The seriousness of the injuries, the presence of independent witnesses, the status of counseling efforts, whether the complainant's refusal to testify is coerced, and whether the defendant is a first-time offender *Page 7 
are all factors a trial judge should consider, and factors that a reviewing court may consider in determining whether the trial court abused its discretion.
Id. at 616.
 {¶ 17} Busch, however, is distinguishable. The court in Busch faced a situation where the victim did not wish to proceed with the case. The victim in this case did not state a desire to dismiss the case. Therefore, the state's reliance upon Busch is not persuasive.
 {¶ 18} Complying with the requirements of Crim.R. 48(B), the trial court stated its reasons for dismissing the case on record. Additionally, the trial court's decision was not arbitrary, unconscionable, or unreasonable because the trial court, in attempting to bring justice to the situation, gave due consideration to the rights of both parties. Accordingly, we cannot conclude that the trial court abused its discretion by granting defendant's motion to dismiss and by dismissing the case when the state violated an express and unambiguous court order to have witnesses present at the specified time for trial.
 {¶ 19} Accordingly, for the foregoing reasons, we overrule the state's sole assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
FRENCH and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1