OPINION
{¶ 1} Respondent-appellant, Terrence Beekman, appeals from a judgment that granted a civil stalking protection order ("CSPO") to petitioner-appellee, Judge Katherine Lias, a former judge of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
 {¶ 2} After learning that respondent was scheduled to be discharged from a psychiatric hospital and claiming that respondent had left threatening voicemail, on October 17, 2006, Judge Katherine Lias sought a CSPO against respondent in the Franklin County Court of Common Pleas. The trial court thereafter issued an ex parte *Page 2 
CSPO, ordered a full hearing to be held before a magistrate, and ordered the clerk of courts to seal the matter.
 {¶ 3} After a hearing was held, the magistrate issued a five-year CSPO against respondent, which the trial court approved and adopted. From the trial court's judgment granting a CSPO, respondent now appeals.
 {¶ 4} "Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error and the reasons in support of those contentions, including citations of legal authorities and parts of the record upon which the appellant relies."State ex rel. Petro v. Gold, 166 Ohio App.3d 371, 2006-Ohio-943, at ¶ 51, appeal not allowed, 110 Ohio St.3d 1439, 2006-Ohio-3862, reconsideration denied, 111 Ohio St.3d 1418, 2006-Ohio-5083. Under App.R. 12(A)(2), an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 5} Although respondent raises multiple assignments of error for our consideration, these assignments of error fail to cite legal authorities to support respondent's contentions.
 {¶ 6} "`[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'"Petro, at ¶ 51, quoting Kremer v. Cox (1996), 114 Ohio App.3d 41, 60, dismissed, appeal not allowed by (1997), 77 Ohio St.3d 1519, reconsideration denied (1997), 78 Ohio St.3d 1416. "It is not the duty of [an appellate] court to search the record for evidence to support an appellant's argument as to alleged error." Id. at ¶ 94, citingSlyder v. Slyder (Dec. 29, 1993), Summit App. No. 16224; Sykes *Page 3 Constr. Co. v. Martell (Jan. 8, 1992), Summit App. No. 15034, cause dismissed, 64 Ohio St.3d 1402. See, also, State ex rel. PhysiciansCommittee For Responsible Medicine v. Bd. of Trustees of The Ohio StateUniv., 108 Ohio St.3d 288, 2006-Ohio-903, at ¶ 13. "It is also not appropriate for [an appellate court] to construct the legal arguments in support of an appellant's appeal." Petro, at ¶ 94. "`If an argument exists that can support [an] assignment of error, it is not [an appellate] court's duty to root it out." Id. at ¶ 94, quotingCardone v. Cardone (May 6, 1998), Summit App. No. 18349, dismissed, appeal not allowed by, 83 Ohio St.3d 1429.
 {¶ 7} Also, "`[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Delany v. Cuyahoga Metro. Hous. Auth. (July 7, 1994), Cuyahoga App. No. 65714, quoting Meyers v. First Natl. Bank
(1981), 3 Ohio App.3d 209, 210. See, also, Sabouri v. Ohio Dept. of Jobsand Family Serv. (2001), 145 Ohio App.3d 651, 654, citing Kilroy v. B.H.Lakeshore Co. (1996), 111 Ohio App.3d 357, 363; Meyers, supra, at 210 (stating that "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel").
 {¶ 8} An appellate court, however, may indulge a pro se litigant when there is some semblance of compliance with appellate rules. SeeDelany, supra. Here, because respondent has shown some semblance of compliance with rules of appellate procedure, we shall address those issues that are comprehensible.
 {¶ 9} At the outset, we observe that respondent's appellate brief references issues that previously have been decided by this court. See, e.g., Beekman v. Beekman *Page 4 
(Aug. 15, 1991), Franklin App. No. 90AP-780, dismissed, jurisdictional motion overruled (1992), 62 Ohio St.3d 1500 (affirming judgment entry and decree of divorce); State v. Beekman (Jan. 7, 1992), Franklin App. No. 90AP-536 (reversing judgment that convicted the defendant of one count of domestic violence); In re Beekman (2001), 144 Ohio App.3d 349
(affirming judgment that ordered involuntary commitment and forced administration of psychotropic medication). Because these issues previously have been decided by this court, these issues are res judicata and respondent is collaterally estopped from re-litigating these previously decided issues. See Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus.
 {¶ 10} Rather than considering previously decided matters, we shall only consider those issues raised by respondent that concern the CSPO that is at issue here. Issues concerning the CSPO that respondent raises include: (1) whether the trial court's judgment is against the manifest weight of the evidence; (2) whether Judge Lias offered perjurious testimony; (3) whether respondent was incompetent to participate in the hearing; (4) whether a guardian ad litem should have been appointed for respondent; (5) whether the trial court should have granted a continuance to respondent; (6) whether the trial court prejudicially erred by admitting irrelevant testimony; (7) whether the magistrate should have ordered a change of venue because defendant was incapable of receiving fair treatment in Franklin County; and (8) whether the duration of the CSPO was excessive, thereby constituting an abuse of discretion.
 {¶ 11} Whether to grant a CSPO is within the discretion of a trial court. Jenkins v. Jenkins, Franklin App. No. 06AP-652, 2007-Ohio-422, at ¶ 13; Daugherty v. Cross, Richland App. No. 2005-CA-0078,2006-Ohio-5545, at ¶ 19; Williams v. McDougal *Page 5 
(May 16, 2001), Gallia App. No. 00CA014. Absent an abuse of discretion by the trial court, an appellate court should not reverse a decision to grant a civil protection order. Daugherty, at ¶ 19. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169; Stockdale v. Baba, 153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169; State v. Congrove, Franklin App. No. 06AP-1129, 2007-Ohio-3323, at ¶ 9.
 {¶ 12} "The term `abuse of discretion' implies an unreasonable, arbitrary or unconscionable attitude." Congrove, at ¶ 9, citingDayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161; see, also,Congrove, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle; * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9.
 {¶ 13} R.C. 2903.214 governs the filing of a petition for a CSPO.Podeweltz v. Rieger, Montgomery App. No. 21725, 2007-Ohio-1513, at ¶ 28; see, also, R.C. 2903.214. "[R.C. 2903.214] provides that a petitioner seeking a civil stalking protection order must demonstrate that the respondent engaged in the offense of menacing by stalking, in violation of R.C. 2903.211." Podeweltz, at ¶ 28. See former R.C.2903.214(C)[1]; R.C. 2903.211 (menacing by stalking). A preponderance of the evidence is required to support the issuance of a civil protection order. Jenkins, at ¶ 17. *Page 6 
 {¶ 14} In Jenkins, this court explained: "To grant a civil protection order, the petitioner need not prove that the respondent intended to cause actual harm to the other person. Instead, the evidence must show that the respondent knowingly engaged in a pattern of conduct that causes the other person to believe that the respondent will cause physical harm or mental distress to the other person." Id. at ¶ 15, citing Guthrie v. Long, Franklin App. No. 04AP-913, 2005-Ohio-1541. "Purpose or intent to cause physical harm or mental distress is not required. It is enough that the person acted knowingly."Jenkins, at ¶ 16; see, also, R.C. 2901.22(B) (providing in part that "[a] person acts knowingly, regardless of his purpose, when he is aware that this conduct will probably cause a certain result or will probably be of a certain nature").
 {¶ 15} "By definition, a pattern of conduct is two or more actions or incidents closely related in time." Jenkins, at ¶ 18, citing R.C.2903.211(D)(1). The Jenkins court explained: "The incidents need not occur within any specific temporal period. For purposes of the statute, mental distress includes any condition that involves some temporary substantial incapacity or which would normally involve treatment by a mental health professional, whether or not the person actually sought treatment or was treated." Id. at ¶ 18, citing R.C. 2903.211(D)(2).
 {¶ 16} Moreover, as the Jenkins court explained, "[m]ental distress need not be incapacitating or debilitating," id. at ¶ 19, and "expert testimony is not required to find mental distress." Id. Furthermore, "[a] trial court `may rely on its knowledge and experience in determining whether mental distress has been caused.'" Jenkins, at ¶ 19, quoting Smith v. Wunsch, 162 Ohio App.3d 21, 2005-Ohio-3948, at ¶ 18; Middletown v. Jones, 167 Ohio App.3d 679, 2006-Ohio-3465, at ¶ 7. *Page 7 
 {¶ 17} Accordingly, "to show that a defendant violated R.C. 2903.211
and is subject to a civil protection order under R.C. 2903.214, it must be shown that the respondent engaged in conduct that he knew would probably cause the complainant to believe that he would cause her physical harm or cause her to suffer mental distress." Jenkins, at ¶ 17, citing State v. Barnhardt, Lorain App. No. 05CA-008706,2006-Ohio-4531, at ¶ 10.
 {¶ 18} In the instant appeal, respondent asserts that the trial court's issuance of a CSPO is against the manifest weight of the evidence.
 {¶ 19} Civil judgments that are "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." CE. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80; see, also, Myers v. Garson (1993),66 Ohio St.3d 610, 616 (reaffirming the reasoning of Seasons Coal, supra, and "hold[ing] that an appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court"). Cf. Zenfa Labs, Inc. v. Big Lots Stores,Inc., Franklin App. No. 05AP-343, 2006-Ohio-2069, at ¶ 54, appeal not allowed, 111 Ohio St.3d 1413, 2006-Ohio-5083 (discussing sufficiency-of-the-evidence standard in civil cases). *Page 8 
 {¶ 20} When considering whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct.Seasons Coal Co., at 79-80. The Seasons Coal court explained:
 The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in CE. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578
[8 O.O.3d 261]: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See, also, Frankenmuth Mut. Ins. Co. v. Selz (1983), 6 Ohio St.3d 169, 172, 451 N.E.2d 1203; In re Sekulich (1981), 65 Ohio St.2d 13, 16, 417 N.E.2d 1014 [19 O.O.3d 192].
Id. at 80; see, also, State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus (holding that on the trial of a civil or criminal case, a determination of the weight of the evidence and credibility of witnesses is primarily for the trier of facts).
 {¶ 21} Here, the trial court ordered the matter to be sealed by the clerk of courts. Although we have conducted a review of the evidence as required by a manifest-weight-of-the-evidence challenge, given the state of the record, we are therefore reticent to detail confidential facts presented in the record. Nonetheless, as the parties have referenced matters from the hearing in their briefing, we shall discuss some facts in a limited fashion.
 {¶ 22} At the hearing, testimony and other evidence was presented about respondent's approximately 16-year history of unwanted contact toward Judge Lias since Judge Lias's judgment in respondent's divorce action. Following that judgment, *Page 9 
respondent has claimed that Judge Lias "frauded him" of his wife and children and has also claimed that Judge Lias owes $100,000 to him as reparation. In response to respondent's conduct, petitioner arranged for additional security measures at her home. Evidence was also adduced about petitioner's mental distress relative to respondent's conduct.
 {¶ 23} We find that the evidence before the court, if believed by the trial court as the trier of fact, constitutes some competent, credible evidence to support a finding that respondent engaged in a pattern of conduct that caused Judge Lias to believe that respondent would cause physical harm or mental distress to her. Because some competent, credible evidence supports the trial court's judgment, we cannot find that the trial court's judgment is against the manifest weight of the evidence. Accordingly, respondent's contention that the trial court's judgment is against the manifest weight of the evidence is rejected.
 {¶ 24} Besides claiming that the trial court's judgment is against the manifest weight, respondent also claims in conclusory fashion that Judge Lias committed perjury at the hearing. Since the record is absent any evidence to support respondent's claim that petitioner deliberately made material false or misleading statements while under oath, we find this claim is not well-taken. See, generally, Van Jackson v. Check `N Go ofIllinois, Inc. (N.D.ILL, 2000), 193 F.R.D. 544, 546 (observing that "undeveloped arguments are waived and bald assertions are worthless"). Cf. DeHass, at paragraph one of the syllabus (holding that on the trial of a civil or criminal case, a determination of the weight of the evidence and credibility of witnesses is primarily for the trier of facts). *Page 10 
 {¶ 25} Also, in addition to claiming that the trial court's judgment is against the manifest weight of the evidence and that Judge Lias offered perjurious testimony, respondent challenges (1) whether respondent was incompetent to participate in the hearing; (2) whether a guardian ad litem should have been appointed for respondent; (3) whether the trial court should have granted a continuance to respondent; (4) whether the trial court prejudicially erred by admitting irrelevant testimony; and (5) whether the magistrate should have ordered a change of venue because defendant was incapable of receiving fair treatment in Franklin County. For the reasons discussed below, respondent's claims are not well-taken.
 {¶ 26} Here, respondent's claims resolve to whether the trial court deprived respondent of fundamental fairness as required by due process. See, e.g., County of Sacramento v. Lewis (1998), 523 U.S. 833, 845,118 S.Ct. 1708 (stating that "[w]e have emphasized time and again that `[t]he touchstone of due process is protection of the individual against arbitrary action of the government,' * * * whether the fault lies in a denial of fundamental procedural fairness * * * or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective[.]").
 {¶ 27} In the instant case, although respondent was served with notice of the hearing, he failed to appear at the hearing and refused a mental health center employee's offer to transport him to the hearing. Respondent also failed to secure legal representation to represent his interests at the hearing.
 {¶ 28} As a result of respondent's failure to attend the proceedings and his failure to secure legal representation, respondent failed to raise issues related to his competency *Page 11 
and the fairness of the proceedings before the trial court. As a consequence, respondent now raises these issues here for the first time on appeal.
 {¶ 29} "Ordinarily, the doctrine of waiver precludes a litigant from raising an issue for the first time on appeal." S P Lebos, Inc. v.Ohio Liquor Control Comm., 163 Ohio App.3d 827, 2005-Ohio-5424, at ¶ 12. See State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus, certiorari denied (1969), 394 U.S. 1002, 89 S.Ct. 1596, approving and following State v. Glaros (1960), 170 Ohio St. 471
(holding that "[i]t is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court").
 {¶ 30} The doctrine of waiver, however, is tempered somewhat by the doctrine of plain error. S P Lebos, Inc., at ¶ 12. However, in appeals of civil cases, the plain error doctrine is nonetheless disfavored.Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus; S P Lebos,Inc., at ¶ 12, citing Goldfuss, supra. In Goldfuss, the Supreme Court of Ohio held: "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. at syllabus. Also, "`[p]lain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.'"Scatamacchio v. W. Res. Care Sys., *Page 12 161 Ohio App.3d 230, 2005-Ohio-2690, at ¶ 68, citing State v. Moreland (1990),50 Ohio St.3d 58, 62, certiorari denied, 498 U.S. 882, 111 S.Ct. 231.
 {¶ 31} Here, respondent does not appear to deny that he sent correspondence or left voicemail messages for Judge Lias. Also, respondent proffers no evidence, which if it had been presented in the trial court, would establish that but for the alleged errors, the outcome of the hearing clearly would have been otherwise.
 {¶ 32} Under facts and circumstances such as these, we cannot find that this is the extremely rare case involving exceptional circumstances where error, to which no objection was made in the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process. Accordingly, we conclude that for purposes of this appeal respondent has waived his claims that the trial court deprived him of fundamental fairness as required by due process.
 {¶ 33} Besides the alleged errors discussed above, respondent also claims that the duration of the CSPO was excessive, thereby constituting an abuse of discretion.
 {¶ 34} "The duration of a civil stalking protection order is within the sound discretion of the trial court and will not be reversed on appeal absent a showing that the decision was arbitrary, unconscionable or unreasonable." Jenkins, at ¶ 10, citing Mann v. Sumser, Stark App. No. 2001CA00350, 2002-Ohio-5103, at ¶ 30-31.
 {¶ 35} Former R.C. 2903.214(E)(2)(a), which was in effect at all times pertinent to the proceedings, provided that "[a]ny protection order issued pursuant to this section shall be valid until a date certain but not later than five years from the date of its issuance."
 {¶ 36} Here, the magistrate recommended that a CSPO should be issued for a five-year period, and the trial court adopted and approved the magistrate's *Page 13 
recommendation. The trial court's decision to issue a CSPO for a period of five years was within its discretion and within the authority of the court under former R.C. 2903.21(E)(2)(a). Taking into consideration respondent's established pattern of conduct toward Judge Lias, we cannot conclude that the trial court's decision to issue a CSPO for a period of five years was unreasonable, arbitrary, or unconscionable. Therefore, we disagree with respondent's contention that the duration of the CSPO constitutes an abuse of discretion.
 {¶ 37} Accordingly, for the reasons set forth above, we overrule all of respondent's assignments of error. Also, finding that the trial court did not abuse its discretion by issuing a CSPO, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 PETREE, KLATT, and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Since the trial court issued a CSPO against respondent, R.C.2903.214 has been amended, effective January 2, 2007. See (2006) Am. Sub. S.B. No. 260. *Page 1