[Cite as *H.C. v. R.C.*, 2016-Ohio-668.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

[H.C., Minor, by and through next of    :
kin, S.C., Mother],

   :

       Petitioners-Appellees,                No. 15AP-936

   :            (C.P.C. No. 14DV-1824)

v.

   :        (ACCELERATED CALENDAR)

[R.C.],

   :

       Respondent-Appellant.

   :

D E C I S I O N

Rendered on February 23, 2016

**On brief:** *The Bethal Law Group, LLC,* and *John P. Johnson II*, for appellees. **Argued:** *John P. Johnson II*

**On brief:** *Peter J. Binning* and *Lewis E. Williams*, for appellant. **Argued:** *Peter J. Binning*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

LUPER SCHUSTER, J.

{¶ 1} Respondent-appellant, R.C., father of H.C., appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, issuing a civil protection order to petitioners-appellees, H.C., a minor, and her mother, S.C. Because the trial court denied father the opportunity to fully present his case, we reverse.

## I. Facts and Procedural History

{¶ 2} On November 14, 2014, H.C., by and through her mother, filed in the trial court a petition seeking a civil protection order against her father, who is also her mother's former husband. The addendum to the petition states that on August 9, 2014,

father pushed H.C. down on a couch during an argument, held papers in a way suggesting he was going to use the papers to hit her, and told her "I want to smack you, if you were a boy I'd beat you." According to the addendum, H.C. left her father's house following the argument and has not since returned other than with a police escort in order to attempt to retrieve her personal belongings.

{¶ 3} The addendum further asserts that on November 6, 2014, father came to the home H.C. shared with her mother to speak with his other daughter, L.C. When H.C. told her father she did not like him, father pushed through the door and lunged at H.C. with his arms outstretched. According to the addendum, L.C. attempted to close the door, but father had his foot wedged in the door. Mother attempted to call 911, but father "was slapping at [mother's] hands" to knock the phone out of her hands. That incident resulted in criminal charges against father. The addendum also asserts that several other incidents occurring in 2011, 2012, and 2013 resulted in either H.C. or mother filing a police report, though no criminal charges followed. The allegations included the following: father (1) chased and pushed mother, (2) grabbed mother's arm and twisted it behind her back, (3) grabbed mother by her ponytail and ripped out her hair, (4) grabbed H.C.'s arm and twisted it behind her back, (5) threw L.C. against a wall, and (6) grabbed a phone out of mother's hand and smashed it on the ground. On November 14, 2014, H.C. and mother requested an ex parte protection order, which the trial court granted the same day, effective until November 25, 2014.

{¶ 4} The trial court set the matter for a full hearing on November 25, 2014, but after several problems perfecting service of process on father, the trial court continued the matter until April 9, 2015, ordering the November 14, 2014 order to remain in full force and effect until the hearing. After perfecting service, the trial court continued the matter several more times for attempted settlement negotiations, each time ordering the November 14, 2014 order to remain in full force and effect until the hearing. Ultimately, the trial court scheduled the matter for a hearing on September 10, 2015.

{¶ 5} At the September 10, 2015 hearing, the trial court heard testimony from L.C. and H.C., testifying in support of a civil protection order. During cross-examination of H.C., the trial court instructed counsel for both parties to meet in chambers. The

conversation in chambers was out of the hearing of the parties and off the record. When the trial court went back on the record, the trial court stated:

> Based upon the testimony and the evidence that's been presented that there is a stay-away order that is issued from municipal court, this Court is also bound to issue the stay-away order.
>
> I will make it for the same term and length as the order that is issued out of municipal court, and that will be for one year for [H.C.], the minor petitioner and mother.

(Tr. 81.) The trial court did not allow father to finish his cross-examination of H.C., nor did the trial court give father an opportunity to call his own witnesses or present any evidence in his defense. Instead, the trial court told father:

> I have no other choice. You have a stay-away order from another court. I can't not grant the stay-away order based on the testimony, and the fact that the Court has already issued one. And the fact that your daughters have testified that they are in fear of your behavior.

(Tr. 81-82.)

{¶ 6} The trial court journalized its decision in a September 11, 2015 order, granting a civil order of protection to H.C. and her mother effective until August 17, 2016. Father timely appeals.

## II. Assignment of Error

{¶ 7} Father assigns the following error for our review:

> The court of common pleas, domestic division, erred as a matter of law when it terminated the trial without conducting a "full hearing" as required and abused its discretion by rendering a decision without allowing the appellant to testify, call any witnesses or present any arguments on his behalf.

## III. Analysis

{¶ 8} In his sole assignment of error, father argues the trial court erred in granting H.C. and mother's petition for a civil protection order without conducting a "full hearing" as required by R.C. 3113.31. Generally, the decision of whether or not to grant a civil protection order lies within the sound discretion of the trial court. *Martin v. Martin*, 10th Dist. No. 13AP-171, 2013-Ohio-5703, ¶ 6, citing *Daughtry v. Daughtry*, 10th Dist. No. 11AP-59, 2011-Ohio-4210, ¶ 5, citing *Parrish v. Parrish*, 95 Ohio St.3d 1201 (2002).

Here, however, father alleges the trial court did not grant him a "full hearing" within the meaning of R.C. 3113.31(D) and (E). Where an appeal requires an analysis of R.C. 3113.31, the civil domestic violence statute, we apply a de novo standard of review. *Id.*, citing *Hope Academy v. Ohio Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 13.

{¶ 9} H.C. and mother contend father failed to object at the hearing to the trial court's termination of the hearing and thus has waived this argument for purposes of appeal. *See, e.g., Lias v. Beekman*, 10th Dist. No. 06AP-1134, 2007-Ohio-5737, ¶ 29 (noting "[o]rdinarily, the doctrine of waiver precludes a litigant from raising an issue for the first time on appeal"). Counsel for father suggests he objected during the conference off the record but conceded at oral argument he did not preserve his objection as part of the record. "Failure to timely advise a trial court of possible error, by objection or otherwise," results in a waiver of the issue for purposes of appeal, unless the party can demonstrate plain error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). In the civil context, an appellate court only applies the plain error doctrine in "extremely rare cases" when the asserted error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at 121, 123. Thus, we will review father's assignment of error only for plain error. *Lias* at ¶ 30 (noting the application of the plain error doctrine in an appeal from the grant of a civil protection order).

{¶ 10} H.C., by and through her mother, sought a civil protection order pursuant to R.C. 3113.31. Under R.C. 3113.31(C) and (C)(1), "[a] person may seek relief * * * on the person's own behalf, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court," stating "[a]n allegation that the respondent engaged in domestic violence against a family or household member of the respondent, including a description of the nature and extent of the domestic violence." The petition shall also contain "[t]he relationship of the respondent to the petitioner" and "[a] request for relief under this section." R.C. 3113.31(C)(2) and (3).

{¶ 11} If a petitioner files a petition under R.C. 3113.31 and requests an ex parte order, the trial court is to hold a hearing the same day and, for good cause shown, may enter an ex parte temporary order. R.C. 3113.31(D)(1). When the court issues an ex parte

order, "the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing." R.C. 3113.31(D)(2)(a).

{¶ 12} Though R.C. 3113.31 requires a "full hearing," the statute does not define the term "full hearing." This court has previously considered the meaning of "full hearing" as used in R.C. 3113.31. In *Tarini v. Tarini*, 10th Dist. No. 12AP-336, 2012-Ohio-6165, we noted that although R.C. 3113.31 does not define the term "full hearing," in general a full hearing " 'is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken.' " *Tarini* at ¶ 14, quoting *Deacon v. Landers*, 68 Ohio App.3d 26, 30 (4th Dist.1990). " '[W]here the issuance of a protection order is contested, the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments." *Id.*, quoting *Deacon* at 30.

{¶ 13} There is no dispute that the trial court here did not allow father to present any evidence, nor did the trial court allow counsel for father to engage in any closing arguments. The trial court stated it was compelled to grant the civil protection order because of an already-existing stay away order in a criminal case involving father and H.C. Neither that criminal case nor the stay-away order is a part of the record below. Additionally, H.C. and mother do not point to any authority, statutory or otherwise, indicating the existence of a stay-away order in a criminal case obviates the requirement in R.C. 3113.31 that the trial court conduct a "full hearing" before granting a civil protection order.

{¶ 14} Thus, under these particular facts and circumstances, we conclude this is one of those extremely rare cases involving exceptional circumstances where error, even though no objection made in the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process. The trial court's failure to conduct a "full hearing" as contemplated in R.C. 3113.31 constitutes reversible plain error. *See Tarini* at ¶ 18-20 (concluding trial court's failure to conduct a "full hearing" under R.C. 3113.31 constitutes not only a violation of the statute but a deprivation of due process as well). Accordingly, we sustain father's sole assignment of error.

## IV. Disposition

{¶ 15} Based on the foregoing reasons, the trial court committed plain error when it terminated the civil protection order hearing without giving father the opportunity to call any witnesses or make any arguments.  Having sustained father's sole assignment of error, we reverse the order of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand the matter for a full hearing consistent with this decision.

*Judgment reversed; cause remanded.*

DORRIAN, P.J., and BROWN, J., concur.

_____